UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MALIK MUHAMMAD,

                              **Plaintiff,**

                   -v-                                                          08-CV-0658A(Sr)

**CORRECTION SERGEANT LOWE, et al.,**

                              **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #24.

        Plaintiff filed this *pro se* action on or about August 29, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Thereafter, plaintiff filed an amended complaint on or about December 5, 2008. Dkt. #5. Plaintiff alleges that his Constitutional rights were violated when he was subjected to excessive force while he was housed at the Attica Correctional Facility ("Attica"). Dkt. #5. By Order dated September 29, 2009, United States District Judge William M. Skretny directed that the time within which to serve the Summons and Complaint be extended 120 days from the date of the Order. Dkt. #11. The Western District of New York docket sheet reflects that summonses were issued on November 9, 2009 for defendants, Correctional Sergeant Lowe, G. Pritchard, Schuessler and Kaczmarek. Presently pending before this Court is plaintiff's

motion for a preliminary injunction and a temporary restraining order prohibiting the transfer of plaintiff to Attica during the pendency of this action and beyond.  Dkt. #15.

As alleged in plaintiff's amended complaint, on March 16, 2008, plaintiff was subjected to excessive use of force while at Attica.  Dkt. #5.  Plaintiff seeks compensatory damages in the amount of $250,000 and punitive damages in the amount of $250,000.  *Id*.  By his motion, plaintiff seeks a temporary restraining order and a preliminary injunction directing that plaintiff may not be returned to Attica during the pendency of this action and presumably for the duration of his time in the custody of the New York State Department of Correctional Services.  Dkt. #15.  Notwithstanding, District Judge Skretny's September 29, 2009 Order and the November 9, 2009 notation that summonses were issued to defendants Lowe, Pritchard, Schuessler and Kaczmarek, it remains unclear whether the Amended Complaint has been served on the defendants because none of the defendants have appeared in the action.  Because plaintiff has neither described any efforts to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor, *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991), it is hereby recommended that the request for a temporary restraining order be denied.

However, defendants shall file and serve a response to plaintiff's request for a preliminary injunction within **25 days** of entry of this Order. The Court anticipates that defendants will be represented by the New York State Attorney General. To ensure that defendants have notice of all the allegations plaintiff has made in support of his motion for injunctive relief, the Clerk is directed to mail a copy of this Report, Recommendation and Order as well as Docket Nos. 1 through 23 to the Assistant Attorney General in Charge, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202. Upon the filing of defendants' response, plaintiff's request for a preliminary injunction will be deemed submitted and taken under advisement by the Court.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED:   Buffalo, New York
         February 9, 2010

                                    s/ H. Kenneth Schroeder, Jr.
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**