**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD,**

                           **Plaintiff,**

         **-v-**                                                              **08-CV-0658A(Sr)**

**CORRECTION SERGEANT LOWE, et al.,**

                          **Defendants.**

---

## **DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #45.

Plaintiff, proceeding *pro se* pursuant to 42 U.S.C. § 1983, alleges that his Constitutional rights were violated when he was subjected to excessive force while he was housed at the Attica Correctional Facility ("Attica"). Dkt. #5. Currently before the Court is plaintiff's motion to compel defendants to provide an unredacted copy of DOCS' Directive 4004 and to respond completely to interrogatory VII and IX. Dkt. #60. For the following reasons, plaintiff's motion is denied.

Interrogatory VI

Interrogatory VI asked Sergeant Lowe about his responsibilities with respect to incidents involving assault on staff or staff assault of inmates. Dkt. #57. In response, defendant stated that his duties were set forth in Directives 4004 and 4944.

Dkt. #59. Defendant referred plaintiff to the copy of Directive 4944 which was previously provided in response to plaintiff's document demands and produced a redacted copy of Directive 4004, which "sets forth specifications for reporting unusual incidents (including those involving use of chemical agents, use of force and contraband) and mandates use of the Department's automated Unusual Incident System." Dkt. #59, p.41. The redaction pertains to the time frame in which initial telephone reports must be made for various categories of incidents. Dkt. #59, p.42. Counsel for defendant argues that this information was redacted to protect the safe operation of the facility and notes that this information goes beyond the information requested by plaintiff. Dkt. #63, ¶ 6. The Court agrees that the portion of Directive 4004 which was provided to plaintiff clearly sets forth defendant's reporting responsibilities in the event of an assault and that the redacted portion of Directive 4004 is superfluous. Accordingly, this aspect of plaintiff's motion is denied.

Interrogatory VII

Interrogatory VII asked Sergeant Lowe whether there were any pending lawsuits against him and the outcome of any prior lawsuits against him. Dkt. #57. Defendant originally objected to this interrogatory as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and as vexatious and/or oppressive. Dkt. #59. However, in response to the motion to compel, defendant set forth three lawsuits (including the instant matter), in which Sergeant Lowe had been named as a defendant and noted their status. As defendant has responded to this interrogatory, this aspect of plaintiff's motion is moot.

Interrogatory IX

Interrogatory IX asked defendant how many incidents Sergeant Lowe was involved in during the month of March, 2008, involving the discovery of weapons or assaults involving corrections officers. Dkt. #57. In response to the interrogatory, defendant noted that

> Attica does not file reports by specific incident, subject matter or employee name. Thus, each and every report filed in March, 2008, would have to be examined to determine its responsive relevance. Therefore this request is unduly burdensome in that it involves great time and expense.

Dkt. #59. Defendant noted that the incident report pertaining to the incident at issue in this lawsuit had been previously provided to plaintiff. Dkt.#59. In response to the motion to compel, defendant reiterates his objection to the interrogatory as unduly burdensome because Attica does not file reports by category of incident and because, as an area supervisor, he would be "involved" in any such incident in his area. Dkt. #63. As plaintiff's interrogatory is overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence, this aspect of plaintiff's motion to compel is denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel (Dkt. #60), is denied.

SO ORDERED.

DATED: Buffalo, New York
July 19, 2010

                                           s/ H. Kenneth Schroeder, Jr.
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**