**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD,**

                **Plaintiff,**

    **-v-**                                                 **08-CV-0658A(Sr)**

**CORRECTION SERGEANT LOWE, et al.,**

                **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment.  Dkt. #45.

.

Plaintiff filed this *pro se* action on or about August 29, 2008 seeking relief pursuant to 42 U.S.C. § 1983.  Dkt. #1.  Thereafter, plaintiff filed an amended complaint on or about December 5, 2008. Dkt. #5.  Plaintiff alleges that his Constitutional rights were violated when he was subjected to excessive force while he was housed at the Attica Correctional Facility ("Attica").  Dkt. #5.  Presently pending are defendant's motions pursuant to Rules 34 and 35 of the Federal Rules of Civil Procedure seeking an Order directing that the alleged weapon found in plaintiff's possession on March 16, 2008 be submitted for fingerprint analysis, as well as an Order directing that the named defendants be required to supply their fingerprints presumably for purposes of

conducting the aforementioned analysis. Dkt. ##66 and 76. For the following reasons, plaintiff's motions are denied.

In the amended complaint plaintiff alleges that on March 16, 2008, he sustained a "grade III sprain of the medial collateral ligament" in his right knee as a result of the excessive use of force by defendants. Dkt. #5. More specifically, plaintiff alleges that during a pat search performed by defendant G. Pritchard (who was later assisted by other named defendants), defendant Pritchard "blamed the plaintiff of [sic] striking Pritchard in the chest with a delivered rearward blow with his right elbow after Pritchard during the search felt a rigid object in plaintiffs [sic] right front pocket area." *Id*. at p.5. Plaintiff further alleges that as a result of the alleged blow to Pritchard, Pritchard dropped the alleged weapon to the floor and after force was used and restraints applied, Pritchard recovered the alleged weapon. *Id*. In support of the instant motions, plaintiff maintains that he never "had control of the weapon" and therefore his fingerprints would not be on the weapon. Dkt. #66, p.2. Plaintiff argues that he was set up by defendant Pritchard and that fingerprint analysis conducted on the weapon would establish that fact. *Id*. Plaintiff further states, "that on March 16, 2008 at 7:07 p.m., he did not control any use of any weapon that was allegedly found on plaintiff by Defendant G. Prtichard. The request hereinafter is highly appropriate and the fingerprint analysis will present [sic] plaintiff did not control such article labeled facility contraband." *Id*. at p.1.

Although at times difficult to decipher, plaintiff's motions appear to be seeking two forms of relief: first, that defendants be required to provide their fingerprints and second, that the alleged weapon be submitted for fingerprint analysis and compared to defendants' fingerprints.  Rule 34 of the Federal Rules of Civil Procedure sets forth the procedure whereby a party may request the production of documents, electronically stored information and tangible things.  Rule 35(a)(1) and (2) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) The court where the action is pending may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
> (2)(A) The order may be made only on motion for good cause and on notice to all parties and the person to be examined ...

The decision to grant or deny a Rule 35(a) examination is committed to the sound discretion of the district court.  *O'Quinn v. New York University Medical Center*, 163 F.R.D. 226, 228 (S.D.N.Y.1995); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y.1993). The moving party, however, must bear the cost of the examination. *Eckmyre v. Lambert*, No. Civ. A. 87-222-O, 1988 WL 573858, at *1 (D.Kan. Sept. 6, 1988) (noting that the moving party bears the cost of the examination and the party being examined bears all other costs).

As discussed above, plaintiff claims that defendant used excessive force in violation of the Eighth Amendment to the United states Constitution; such a claim has both a subjective and objective component.  To satisfy the subjective component, a plaintiff must demonstrate that the defendant "had the necessary level of culpability,

shown by actions characterized by 'wantonness' in light of the circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009), *quoting Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) and *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Whether conduct of prison officials can be characterized by "wantonness" is determined by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright,* 554 F.3d at 268, *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective component of a claim of cruel and unusual punishment concentrates on the harm done in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268, *quoting Hudson*, 803 U.S. at 8.

Whether plaintiff can succeed on his claim that the defendants used excessive force on March 16, 2008 will likely turn on the testimony of those involved in the incident, most notably, plaintiff, defendants and any witnesses. Contrary to plaintiff's statements in the instant motions, fingerprint analysis will not establish whether plaintiff was "set up" by defendant G. Prtichard. Moreover, based on the facts alleged in plaintiff's amended complaint, the alleged weapon may indeed contain the fingerprints or partial fingerprints of one or more of the defendants because once the incident was over and the plaintiff was restrained, the weapon was retrieved from the floor. In addition to the foregoing, neither Rule 34 or 35 of the Federal Rules of Civil Procedure contemplate the ordering of defendants to supply their fingerprints and the

submission of an alleged weapon for fingerprint analysis in the context of a prisoner Section 1983 claim.  Accordingly, for the foregoing reasons, plaintiff's motions are denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 10, 2011

_s/ H. Kenneth Schroeder, Jr._
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**