**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD,**

                **Plaintiff,**

    **-v-**                                                   **08-CV-0658A(Sr)**

**CORRECTIONAL SERGEANT LOWE, et al.,**

                **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #45.

.

Plaintiff filed this *pro se* action on or about August 29, 2008 seeking relief pursuant to 42 U.S.C. § 1983.  Dkt. #1.  Thereafter, plaintiff filed an amended complaint on or about December 5, 2008.  Dkt. #5.  Plaintiff alleges that his Constitutional rights were violated when he was subjected to excessive force while he was housed at the Attica Correctional Facility ("Attica").  Dkt. #5.  Presently pending before this Court are the plaintiff's two motions for sanctions (Dkt. ##82 and 103).

Plaintiff alleges that on March 16, 2008, he was subjected to excessive use of force while at Attica.  Dkt. #5.  Plaintiff seeks compensatory damages in the amount of $250,000 and punitive damages in the amount of $250,000.  *Id*.  Since in or

about August 2009, the parties have been engaged in discovery.  Since August 2009, plaintiff has served over ten different discovery demands in the form of requests for the production of documents, interrogatories and requests for admissions.  Dkt. ##8, 20, 21. 22, 35, 36, 41, 47, 48, 64, and 67.  In addition, excluding the motions for sanctions presently before this Court, plaintiff has filed over ten discovery-related motions.

Plaintiff's first motion for sanctions (Dkt. #82) filed December 6, 2010, is devoid of any mention of what "information" defendants have failed to supply him in response to his multitude of discovery requests.  The only detail supplied by plaintiff to assist the Court is contained in an affidavit filed on December 23, 2010 (Dkt. #83) which attaches a document entitled Criminal and Civil Depositions.  The document entitled Criminal and Civil Depositions requests pursuant to Rule 26 of the Federal Rules of Civil Procedure information concerning the defendants' background, employment with the New York State Department of Correctional Services, now known as the New York State Department of Corrections and Community Supervision ("DOCCS"), and any disciplinary information, including other allegations of excessive use of force against each defendant.  Dkt. #83.

The Court has reviewed the defendants' responses to plaintiff's interrogatories (Dkt. ##53-55 and 59), wherein plaintiff sought background employment information from defendants, as well as information concerning any prior disciplinary proceedings and involvement in any other alleged excessive use of force incidents.  As is evident from each of the responses to plaintiff's interrogatories identified above, each

defendant responded to plaintiff's inquiries concerning duration and nature of employment with DOCCS, involvement in excessive use of force incidents, and any disciplinary history. Based on the responses plaintiff has already received to his interrogatories, it remains unclear what additional information the plaintiff still seeks and for which he is currently seeking sanctions for defendants' failure to disclose. Accordingly, plaintiff's motion for sanctions (Dkt. #82) is denied.

In his second motion for sanctions (Dkt. #103), although plaintiff does not explicitly so state, it appears to this Court that plaintiff is seeking sanctions in relation to a second set of interrogatories directed to defendant Lowe (Dkt. #64). In an affidavit filed concerning these outstanding discovery matters, the Assistant Attorney General assigned the responsibility of handling this matter stated,

> [t]hereafter, Plaintiff served a document entitled "Rule 31 Motions/Second Set of Interrogatories" upon Defendant Lowe (Dkt. #64), that was actually four sets of interrogatories which far exceeded the 25 limit set forth in Rule 33(a)(1). In a good faith effort to comply with the discovery obligations, I promptly returned the proposed interrogatories to Plaintiff and advised him of the number limit for interrogatories. I offered Plaintiff the opportunity to determine which fifteen additional interrogatories he wished to serve upon Defendant Lowe. However, Plaintiff never responded to my letter by serving any additional interrogatories or otherwise. Nor did he make any other good faith effort to resolve a potential discovery dispute before making the motion to seek permission to serve additional interrogatories (Dkt. #69).

Dkt. #102, ¶¶ 8-9. By a Text Order filed March 10, 2011, this Court granted plaintiff's request to serve additional interrogatories on defendant Lowe. Dkt. #91. Thereafter, defendants filed a motion for summary judgment. Dkt. #92. After this Court granted

plaintiff's motion to serve additional interrogatories, plaintiff filed the instant motion for sanctions (Dkt. #103). However, plaintiff did not serve any additional interrogatories on defendant Lowe.

As the Assistant Attorney General handling this matter correctly stated in her March 22, 2011 affidavit,

> [i]t is respectfully submitted that given the posture of the case, with the discovery deadline past and a pending summary judgment motion, additional interrogatories at this juncture would violate Rule 26(b)(2)(C). Further interrogatories would only serve to unduly burden Defendant Lowe particularly where Plaintiff had ample opportunity to serve fifteen more interrogatories within the discovery deadline that he has not sought to extend.

Dkt. #102, ¶ 10. The Court notes that the plaintiff did request to extend the deadline to complete expert witness depositions (Dkt. #84). The Court denied plaintiff's motion as premature by reason of the pending motion for summary judgment. Dkt. #107. In the event the plaintiff's complaint survives the defendants' motion for summary judgment, the Court expects that an Amended Case Management Order will be issued to resolve any outstanding discovery matters. Based on the foregoing, plaintiff's motion for sanctions (Dkt. #103) is denied and to the extent that additional discovery is warranted, assuming *arguendo* that defendants' motion for summary judgment is denied, the plaintiff will be permitted to serve additional interrogatories on defendant Lowe as contemplated by this Court's Text Order (Dkt. #91) granting plaintiff's motion (Dkt. #69)

As set forth above and for the foregoing reasons, plaintiff's two motions for sanctions (Dkt. ##82 and 103) are denied.

**SO ORDERED.**

DATED:     Buffalo, New York
           September 29, 2011

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**