UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MALIK MUHAMMAD,

                                          Plaintiff,

             -vs-                                                                   08-CV-658(JTC)

CORRECTIONAL SERGEANT LOWE,
CORRECTIONAL OFFICER G. PRITCHARD,
CORRECTIONAL OFFICER SCHUESSLER, and
CORRECTIONAL OFFICER KACZMAREK,

                                          Defendants.

---

APPEARANCES:                MALIK MUHAMMAD, Plaintiff *Pro Se.*

                                       HON. ERIC T. SCHNEIDERMAN, ATTORNEY
                                       GENERAL OF THE STATE OF NEW YORK, (KIM S.
                                       MURPHY, ESQ., ASSISTANT ATTORNEY
                                       GENERAL, OF COUNSEL), Buffalo, New York,
                                       Attorneys for Defendants.

## INTRODUCTION

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for the alleged violation of his rights under the Eighth Amendment. Currently pending before the court is the defendants' motion for summary judgment (Item 92).

## BACKGROUND

Plaintiff commenced this action on August 29, 2008 with the filing of a *pro se* complaint pursuant to Title 42 U.S.C. § 1983 (Item 1). Plaintiff seeks compensatory

and punitive damages for the alleged use of excessive force in violation of his rights under the Eighth Amendment to the United States Constitution.  Specifically, plaintiff alleges that, in the course of a pat down search, he was subjected to excessive physical force by the defendants, resulting in a knee injury.

In an order filed November 19, 2008, plaintiff was granted permission to proceed *in forma pauperis* (Item 3).  He filed an amended complaint on December 5, 2008 (Item 5).  After plaintiff was granted an extension of time in which to serve the summons and amended complaint (Item 11), the defendants filed an answer to the amended complaint on February 17, 2010 (Item 27).  On April 12, 2010, the parties consented to the referral of this matter to United States Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636 (c) for all further proceedings including the entry of judgment (Item 45).  Following the parties' exchange of discovery materials, on March 18, 2011, the defendants moved for summary judgment (Item 92).  As part of the motion, plaintiff was served with a "Notice to *Pro Se* Litigants Opposing Summary Judgment."  *Id.*  In it, plaintiff was warned that he could not oppose the summary judgment motion "simply by relying on the allegations in the complaint" and that if he did not respond to the motion "on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true" and enter judgment in defendant's favor without a trial.  *Id.*

Pursuant to a case management order, plaintiff was directed to file a response to the motion for summary judgment by April 29, 2011 (Item 101).  On April 6, 2011, plaintiff sought an extension of time in which to respond (Item 104).  The court granted the motion and directed that plaintiff file a response to the motion on or before July 29,

2011 (Item 105). Plaintiff declined to file a response. On September 10, 2012, the case was transferred to the docket of the undersigned (Item 109). The court has determined that oral argument is unnecessary. For the reasons that follow, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

## FACTS[1]

In support of the motion, the defendants have each submitted a declaration with supporting exhibits. Defendant Douglas Lowe stated that on March 16, 2008, he was employed as a Corrections Sergeant at the Attica Correctional Facility ("ACF") (Item 94, ¶ 1). On that date, he was directed by his superiors to conduct a random pat frisk of inmates in the C-block. *Id.,* ¶ 8. While proceeding to the yard, plaintiff was selected for the pat frisk and was told to assume the pat frisk position. *Id.* Defendant Lowe observed as Corrections Officer ("CO") Pritchard conducted the search and saw plaintiff become agitated and verbally confrontational. *Id.,* ¶ 9. CO Pritchard felt a rigid object in the right front pocket area of plaintiff's sweatpants. As CO Pritchard retrieved the object, Lowe observed plaintiff "deliver a rearward blow with his right elbow to CO Pritchard's chest." *Id.,* ¶ 10.

CO Pritchard then called for back-up to help restrain the plaintiff (Item 94, ¶ 11). CO Pritchard wrapped both arms around plaintiff's upper torso from behind and took plaintiff to the floor. *Id.,* ¶ 12. He then placed both hands on plaintiff's left wrist and secured plaintiff's left arm behind his back. CO Kaczmarek assisted by securing

---

[1] This factual statement is taken from the defendants' declarations in support of the motion (Items 94-97) and the exhibits appended thereto.

plaintiff's right arm behind his back. *Id.* CO Schuessler assisted by placing plaintiff's legs into a "figure four lock" while plaintiff was on the floor. *Id.* Defendant Lowe then applied mechanical restraints to plaintiff. *Id.,* ¶ 13. After plaintiff was restrained, the defendants recovered from the floor a "1/8" x 7 1/4" metal rod type weapon, sharpened to a point at one end, with a cloth handle on the other end." *Id.*

Defendant Lowe stated that he and the other defendants acted in accordance with the Department of Correctional Services ("DOCS") security procedures (Item 94, ¶ 16). The officers did not "act maliciously or sadistically to cause harm to plaintiff" but used only such force as was necessary "in response to plaintiff's unprovoked assault on CO Pritchard." *Id.,* ¶¶ 15-16. Following the use of force, plaintiff was examined by Virginia Johnson, RN, who found no apparent injuries (Item 94, Exhs. D, E). Plaintiff was able to walk and move without difficulty. *Id.,* Exh. D. Defendants Pritchard, Kaczmarek, and Schuessler submitted declarations that corroborate the version of events as stated by defendant Lowe (Items 95 - 97).

In his amended complaint, plaintiff alleged that he was directed to submit to a pat down search. He stated that CO Pritchard performed the search "in a very aggressive manner" and removed plaintiff's right arm "off the wall for unknown reasons." (Item 5, ¶ H). Plaintiff alleged that back-up was called and that he was forced to the floor and put in restraints. *Id.,* ¶ I. Plaintiff acknowledged that CO Pritchard reported to his supervisors that plaintiff elbowed him in the chest and likewise acknowledged that the metal rod was found on the floor following the incident (Item 5, ¶ J). In a grievance filed following the incident, plaintiff denied that he was violent and confrontational and stated

4

that he was "set up" by CO Pritchard, who planted the weapon on him (Item 5, Exh.). Plaintiff further alleged that he complained of knee pain after the incident. *Id.,* ¶ K. A subsequent MRI, performed in June 2008, indicated that plaintiff suffered, at some point, a "subacute grade III sprain of the medial collateral ligament" ("MCL") (Item 1, Exh.).

## DISCUSSION

1. **Summary Judgment Standard**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, 797 F.Supp.2d 299, 311 n. 7 (S.D.N.Y. 2011). Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law …." *Id.*

Once the court determines that the moving party has met its burden, the burden

shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . .." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions." *Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. August 1, 2006), *aff'd*, 2008 WL 5083122 (2d Cir. 2008) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28,

1999) (citing cases).

In this case, plaintiff failed to file a response to the motion for summary judgment after being granted an extension of time in which to respond and after having been warned of the consequences of such a failure. A party's failure to respond to a summary judgment motion "does not [alone] justify the granting of summary judgment." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004). Instead, as the Second Circuit has explained,

> where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden. . . . Moreover, . . . the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement [but] must be satisfied that . . . evidence in the record supports the assertion[s contained therein]. . . . An unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.

*Id.* (internal quotations omitted) (citing, *inter alia*, *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003)). In short, just as with a contested motion for summary judgment, the court "must review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.* at 246 (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

## 2. Excessive Force

Defendants contend that summary judgment should be granted dismissing the complaint as plaintiff has failed to state a cognizable claim under the Eighth

Amendment for the excessive use of force. The Eighth Amendment to the U.S. Constitution provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const., Amend. VIII. That rule, applicable to the states through the Fourteenth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976), is violated by the unnecessary and wanton infliction of pain and suffering. *See Whitley v. Albers,* 475 U.S. 312, 320 (1986). To determine whether prison officials have violated the Eighth Amendment by using excessive force, courts examine "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

To prove an excessive force claim, an inmate must satisfy both an objective test and a subjective test. *Hudson,* 503 U.S. at 7–8. The objective test requires the inmate to show that the force applied was "sufficiently serious" to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(additional citations omitted)). This showing is "context specific, turning upon 'contemporary standards of decency.'" *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)). "[S]ome degree of injury is ordinarily required to state a claim" of excessive use of force in violation of the Eighth Amendment. *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). However, the core judicial inquiry is not the extent of the injury, if any, but whether the nature of the force used was nontrivial and applied maliciously and sadistically for the purpose of causing harm. *Wilkins v. Gaddy*, -- U.S.–, 130 S.Ct. 1175, 1179 (2010); *see Wright v. Goord*, 554 F.3d 255, 268–269 (2d Cir. 2009). A

plaintiff "need not prove 'significant injury' to make out an excessive force claim," *Griffin*, 193 F.3d at 92, but "a *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citation omitted). *De minimis* force, even if clearly unpleasant to endure, does not violate the Eighth Amendment where "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. at 9–10 (internal quotation marks and citation omitted).

The subjective test for an Eighth Amendment excessive force claim requires the inmate to show that the prison officials "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 7). When determining whether the subjective test has been satisfied, courts may consider: "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials' and 'any efforts made to temper the severity of a forceful response.' " *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321).

In this case, the defendants have submitted proof that physical force was used in response to the plaintiff's actions. A weapon was found during a pat down search of the plaintiff and plaintiff struck the searching CO. Plaintiff was restrained by several COs and was placed in restraints. Plaintiff's medical records indicated that plaintiff suffered no visible injuries, and he was able to move about without difficulty. There is nothing in the record to indicate that the defendants acted wantonly, maliciously, or sadistically. The use of force in this case appears to have been *de minimis* and was

directly related to the maintenance of order and discipline.  Plaintiff has submitted no evidence in response to the summary judgment motion and has failed to establish either the objective or subjective elements of his excessive force claim.  Accordingly, the defendants' motion for summary judgment dismissing the excessive force claim is granted.[2]

## CONCLUSION

The defendant's motion for summary judgment (Item 92) is granted and the complaint is dismissed.  The Clerk is directed to enter judgment accordingly and close this case.

So Ordered.

_____\s\ Hon. John T. Curtin____
JOHN T. CURTIN
United States District Judge

Dated: September 26, 2012
p:\pending\2008\08-658.sep712

---

[2] As the court has determined that the complaint should be dismissed for plaintiff's failure to raise a genuine issue of fact regarding the excessive use of force, the court declines to address the defendants' argument that they are entitled to qualified immunity.